**ABRAHAM, FRUCHTER
    & TWERSKY, LLP**
IAN D. BERG (SBN 263586)
IBerg@aftlaw.com
TAKEO A. KELLAR (SBN 234470)
TKellar@aftlaw.com
11622 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 764-2580
Facsimile: (858) 764-2582

*Counsel for Lead Plaintiff Movant*
*Safron Capital Corporation*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUDE LIANG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> DOUYU INTERNATIONAL HOLDINGS LIMITED, SHAOJIE CHEN, WENMING ZHANG, CHAO CHENG, MINGMING SU, HAO CAO, TING YIN, HAIYANG YU, XI CAO, XUEHAI WANG, ZHAOMING CHEN, ZHI YAN, MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., CMB INTERNATIONAL CAPITAL LIMITED, TENCENT HOLDINGS LIMITED, RICHARD ARTHUR, and COGENCY GLOBAL INC., <br><br> Defendants. | Case No. 2:20-cv-02747-SVW-MAA <br><br> <u>CLASS ACTION</u> <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF SAFRON CAPITAL CORPORATION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** <br><br> Date: June 29, 2020 <br> Time: 1:30 p.m. <br> Judge: Hon. Stephen V. Wilson <br> Courtroom: 10A, 10th Floor |

(captions continue on following page)

MEMORANDUM IN SUPPORT OF MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF
Case No. 2:20-cv-02747-SVW-MAA

| HENG HUANG, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:20-cv-03914-SVW-MAA |
|---|---|
| Plaintiff, | |
| v. | |
| DOUYU INTERNATIONAL HOLDINGS LIMITED, SHAOJIE CHEN, WENMING ZHANG, CHAO CHENG, MINGMING SU, HAO CAO, TING YIN, HAIYANG YU, XI CAO, XUEHAI WANG, ZHAOMING CHEN, ZHI YAN, TENCENT HOLDINGS LIMITED, and COGENCY GLOBAL INC., | |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES

Safron Capital Corporation ("Safron") respectfully submits this memorandum in support of its motion for an Order: (1) consolidating the above-captioned actions; (2) appointing Safron as Lead Plaintiff, pursuant to Section 27(a)(3)(B) of the Securities Act, 15 U.S.C. § 77z-1(a)(3)(B), as amended by the PSLRA; (3) approving Safron's selection of the law firm of Abraham, Fruchter & Twersky, LLP ("Abraham, Fruchter & Twersky") as Lead Counsel for the class; and (4) granting any such other and further relief that the Court deems just and proper.

## I.   PRELIMINARY STATEMENT

Presently pending in this District are the two above-captioned securities class actions (the "Related Actions"), brought on behalf of all persons and entities who purchased American Depository Shares ("ADSs") of DouYu International Holdings Limited ("DouYu" or the "Company") pursuant and/or traceable to the Registration Statement issued in connection with the Company's July 16, 2019 initial public offering (the "IPO"). The Related Actions allege violations of Sections 11, 12(a)(2), and 15 of the Securities Act as amended by the PSLRA (15 U.S.C. §§ 77k, 77l, and 77o) against DouYu, certain of its executive officers and directors, the underwriters of the IPO, and its controlling shareholders (collectively, the "Defendants").

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). In that regard, the Court is required to determine the movant with the "largest financial interest" that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb)-(cc). Safron believes that it has the largest financial interest in the relief sought of any movant able to satisfy the requirements of Rule 23. Safron is a sophisticated institutional investor

with the incentive, ability, and sophistication to effectively supervise the prosecution of this litigation. In addition, Safron's choice of Abraham, Fruchter & Twersky as proposed lead counsel should also be approved by this Court. Abraham, Fruchter & Twersky is a law firm with substantial experience representing institutional investors in securities class actions, and other forms of shareholder litigation, in this District and throughout the nation.

## II.   STATEMENT OF FACTS

DouYu purports to be "the largest game-centric live streaming platform in China," operating "on both PC and mobile apps" and offering "immersive and interactive games and entertainment live streaming" to a massive and growing gamer community, particularly in China. ¶38.[1]

On April 22, 2019, DouYu filed a registration statement with the SEC on Form F-l, which was declared effective on July 16, 2019. ¶44. On July 18, 2019, the Company filed a prospectus for the IPO on Form 424B4, which incorporated and formed part of the Registration Statement (both documents collectively, the "Registration Statement"). ¶44. The Registration Statement was used to sell to the investing public more than 67.3 million DouYu ADSs at $11.50 per ADS. Defendants generated more than $774 million in gross offering proceeds from their sale of the Company's securities in the IPO. ¶45.

As alleged, the Registration Statement was materially inaccurate, misleading, and/or incomplete because it failed to disclose that: (1) DouYu's risks related to its top streamers had materialized, including that: (a) a top streamer was actively misrepresenting herself on DouYu's platform; and (b) the costs associated with retaining top streamers were swelling; (2) DouYu did not ensure

---

[1] All references to "¶_" are references to portions of the Complaint in the first-filed action, *Liang v. DouYu International Holdings Limited, et al.*, No. 2:20-cv-02747 (Dkt. No. 1).

that all of its products were fully compliant with current regulatory requirements before those products became available on line; and (3) key interactive features of DouYu's "lucky draw" were noncompliant with current regulatory requirements, requiring DouYu to remove them from operations, which negatively impacted user engagement activity and caused disappointing financial results.  ¶46.

In a series of disclosures beginning on July 30, 2019,  it was revealed that top streamers on DouYu's platform had been banned from livestreaming activities on for inappropriate behavior that did not comply with relevant laws and regulations of China's top internet regulator.  ¶¶69-73.  On August 11, 2019, *Bloomberg* reported that a popular streamer who played exclusively on DouYu's platform contributed as much as 3% of the Company's revenues.  ¶75.  Then, in October 2019, J.P. Morgan announced in an analyst report that DouYu had suspended its popular "lucky draw" feature, a key monetization feature on DouYu's platform which accounted for an approximately 10% of the Company's total revenues.  ¶78.

In response to all these disclosures, the DouYu's ADSs have traded as low as $6.50 per ADS since the IPO, a decline of over 43% from the offering price of $11.50.  ¶84.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication.  Fed. R. Civ. P. 42(a); *see also Russo v. Finisar Corp.*, No. 11-cv-1252- EJD, 2011 WL 5117560, at *3

(N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated").

Here, the Related Actions present similar factual and legal issues, as they involve the same subject matter and present the same legal issues. Each action alleges violations of the Securities Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

### B.    Safron Should Be Appointed Lead Plaintiff

The PSLRA provides a method for determining the "most adequate plaintiff" to serve as the lead plaintiff in a securities fraud class action. *See* 15 U.S.C. § 77z-1(a)(3)(B)(i). *First*, the plaintiff must file a complaint or make a timely motion to be appointed lead plaintiff. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(aa). *Second*, the proposed lead plaintiff needs to have "the largest financial interest in the relief being sought by the [C]lass." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(bb). *Third*, the proposed lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc).

#### 1.    Safron Is Timely Moving For Appointment As Lead Plaintiff

The PSLRA permits any member of the class to move for appointment as Lead Plaintiff within 60 days of the publication of notice of the first filed action asserting substantially the same claims. *See* 15 U.S.C. § 77z-1(a)(3)(A). Here, the notice of the first filed action was disseminated on March 24, 2020.[2] While

---

[2] *See* Exhibit ("Exh.") 1 of the Declaration of Ian D. Berg in Support of the Motion of Safron Capital Corporation for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Berg Decl."), submitted herewith.

May 23, 2020 (a Saturday) is 60 days from the date on which the notice was published, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the 60-day period "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." May 25, 2020, the first Monday after the end of the 60-day period, was Memorial Day--a legal holiday. As such, the proper deadline for parties to submit applications for appointment as Lead Plaintiff in this Action is May 26, 2020. Accordingly, Safron has satisfied this deadline requirement by making this motion.

### 2.    Safron Has The Largest Financial Interest In The Relief Sought Of Any Investor Able to Adequately Represent The Class

The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant with "the largest financial interest in the relief sought by the class" able to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 77z-1(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). Safron should be appointed Lead Plaintiff because it believes it has the largest financial interest of any movant able to adequately represent the Class.

On a motion to serve as Lead Plaintiff, the movant must make a showing that it satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. *See Cavanaugh*, 306 F.3d at 732. Generally, the test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992), citing *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985); *see also Adams v. Biolase, Inc.*, No. 8:13-CV-1300-JLS-FFMx, 2013 WL 12128806, at *3 (C.D. Cal. Dec. 10, 2013) (typicality requirement is satisfied when a proposed class representative's claims "are based on the same legal theory and arise from the same events and course of conduct as the proposed class's claims[.]").

MEMORANDUM IN SUPPORT OF MOTION                                                    -5-
FOR APPOINTMENT AS LEAD PLAINTIFF
Case No. 2:20-cv-02747-SVW-MAA

In that regard, Safron's claims are irrefutably typical of the Class it seeks to represent.  Safron purchased a total of 500 DouYu ADSs pursuant and/or traceable to the false and misleading Registration Statement issued in connection with the Company's IPO, and it suffered monetary damages upon disclosure of the Company's fraud.  *See* Berg Decl. at Exhs. 2 & 3; *see also Lloyd v. CVB Fin. Corp.*, No. CV 10-06256 MMM (PJWx), 2011 WL 13128303, at *6 (C.D. Cal. Jan. 21, 2011) (finding typicality where the movant purchased the company "common stock during the class period at prices that were allegedly artificially inflated by [the company's] false and misleading representations, and sustained monetary damages as a result.").

Under Rule 23(a)(4), the representative party must fairly and adequately protect the interests of the class.  "[R]epresentation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive." *CVB Fin.*, 2011 WL 13128303, at *6.  Safron's interests are perfectly aligned with those of the other members of the class members.  There are, furthermore, no facts suggesting that any actual or potential conflict of interest or other antagonism exists between Safron and other class members. Safron has submitted a certification herewith, affirming its willingness to serve as representative party on behalf of the Class and oversee the prosecution of this class action. *See* Berg Decl. at Exh. 2.  In addition, Safron has demonstrated that it is capable of fulfilling the fiduciary obligations required of a lead plaintiff, having previously served in that role in a securities class action litigation in which a favorable resolution was achieved on behalf of the class. *See, e.g, Silverstrand Investments et al. v. AMAG Pharmaceuticals, Inc. et al.*, No. 1:10-cv-10470-NMG, ECF No. 170 (D. Mass. Jan. 30, 2015).

Safron is also paradigmatic of the sort of Lead Plaintiff envisioned by

Congress in its enactment of the PSLRA – a sophisticated institutional investor with a real financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess. (1995), reprinted in 1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts by improving the quality of representation in securities class actions"); *CVB Fin.*, 2011 WL 13128303, at *5 (noting that the PSLRA "establishes a preference that sophisticated institutional investors direct the course of securities cases").

Finally, Safron has demonstrated its adequacy through its selection of Abraham, Fruchter & Twersky as Lead Counsel. As detailed below, Abraham, Fruchter & Twersky is highly qualified and experienced in the area of securities class action litigation and has demonstrated an ability to prosecute complex securities class action litigation effectively.

### C.   The Court Should Approve Safron's Selection of Lead Counsel

The Court should approve Safron's choice of the law firm of Abraham, Fruchter & Twersky to serve as Lead Counsel. Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain counsel for the class they seek to represent. Safron selected and retained the law firm of Abraham, Fruchter & Twersky.

Abraham, Fruchter & Twersky is among the preeminent securities class action law firms, with the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Abraham, Fruchter & Twersky has successfully prosecuted numerous securities fraud class actions, both in this District and nationwide. *See, e.g., Brown v. China Integrated Energy, Inc.*, No. CV 11-02559-BRO (PLAx) (C.D. Cal.). Abraham, Fruchter & Twersky also has extensive experience serving as lead or co-lead counsel in similar actions and has repeatedly demonstrated its commitment, professionalism, and ability to achieve

MEMORANDUM IN SUPPORT OF MOTION                                                    -7-
FOR APPOINTMENT AS LEAD PLAINTIFF
Case No. 2:20-cv-02747-SVW-MAA

outstanding results. *See, e.g., Pyramid Holdings, Inc. v. Terraform Global, Inc. et al.*, No. 16-cv-07981-PKC (S.D.N.Y.) (Abraham, Fruchter & Twersky, as lead counsel, achieved a pending $48.75 million settlement representing a substantial share of available damages); *Godinez v. Alere Inc.*, et al., No. 1:16-cv-10766 (PBS), ECF No. 152 (D. Mass. Dec. 22, 2017) (Abraham, Fruchter & Twersky, as co-lead counsel, achieved a $20 million settlement); *In re Peregrine Systems, Inc. Securities Litigation*, No. 02-CV-0870-BEN (RBB) (S.D. Cal.) (Abraham, Fruchter & Twersky, as co-lead counsel, obtained a settlement of approximately $117.5 million); *Citiline Holdings, Inc. v. iStar Financial, Inc.*, No. 08-cv-3612-RWS (S.D.N.Y.) (Abraham, Fruchter & Twersky as co-lead counsel obtained a $29 million settlement); *Silverstrand Investments v. AMAG Pharmaceuticals et al.*, No. 1:10-cv-10470 (NMG), ECF No. 24 (D. Mass Jul. 27, 2010) (Abraham, Fruchter & Twersky as lead counsel settled the action following a successful appeal to the U.S. Court of Appeals for the First Circuit); *Utesch v. Lannett Company Inc.*, *et al*., No. 2:16-cv-05932 (WB), ECF No. 53 (E.D. Pa. Mar. 20, 2017) (Abraham, Fruchter & Twersky serving as lead counsel in pending securities class action); *Boston Retirement System v. Volkswagen AG et al.*, No. 3:16-cv-03435-CRB (N.D. Cal.) (same). *See* Berg Decl. at Exh. 4 (Abraham, Fruchter & Twersky Firm Resume).

Accordingly, the Court should approve Safron's selection of Abraham, Fruchter & Twersky as Lead Counsel for the Class.

## IV.    CONCLUSION

For the foregoing reasons, Safron respectfully request that the Court: (1) consolidate the above-captioned actions; (2) appoint Safron as Lead Plaintiff; (3) approve the selection of Abraham, Fruchter & Twersky to serve as Lead Counsel for the Class; and (4) grant any such other and further relief it deems just and proper.

Dated: May 26, 2020          Respectfully Submitted,

**ABRAHAM, FRUCHTER
& TWERSKY, LLP**

_____/s/ _Ian D. Berg_____
IAN D. BERG (SBN 263586)
IBerg@aftlaw.com
TAKEO A. KELLAR (SBN 234470)
TKellar@aftlaw.com
11622 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 764-2580
Facsimile: (858) 764-2582

_Counsel for Lead Plaintiff Movant
Safron Capital Corporation_

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 26, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/ *Ian D. Berg*

IAN D. BERG (SBN 263586)
11622 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 764-2580
Facsimile: (858) 764-2582
IBerg@aftlaw.com
