POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Movant Li Yunyan*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUDE LIANG, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>DOUYU INTERNATIONAL HOLDINGS LIMITED, SHAOJIE CHEN, WENMING ZHANG, CHAO CHENG, MINGMING SU, HAO CAO, TING YIN, HAIYANG YU, XI CAO, XUEHAI WANG, ZHAOMING CHEN, ZHI YAN, MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., CMB INTERNATIONAL CAPITAL LIMITED, TENCENT HOLDINGS LIMITED, RICHARD ARTHUR, and COGENCY GLOBAL INC.,<br><br>        Defendants. | Case No. 2:20-cv-02747-SVW-MAA<br><br>MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF LI YUNYAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION<br><br>DATE:  June 29, 2020<br>TIME:  1:30 p.m.<br>JUDGE:  Stephen V. Wilson<br>CTRM:  10A, 10th Floor |
| HENG HUANG, Individually and On Behalf of All Others Similarly Situated,<br><br>                                Plaintiff, | Case No. 2:20-cv-03914-SVW-MAA |

vs.

DOUYU INTERNATIONAL HOLDINGS LIMITED, SHAOJIE CHEN, WENMING ZHANG, CHAO CHENG, MINGMING SU, HAO CAO, TING YIN, HAIYANG YU, XI CAO, XUEHAI WANG, ZHAOMING CHEN, ZHI YAN, TENCENT HOLDINGS LIMITED, and COGENCY GLOBAL INC.,

Defendants.

MEMORANDUM OF POINTS AND AUTHORITIES

Movant Yunyan[1] respectfully submits this Memorandum of Law in further support of her motion for consolidation of the Related Actions, appointment as Lead Plaintiff, and approval of her selection of Pomerantz as Lead Counsel (Dkt. No. 31); and in opposition to the competing motion of Safron Capital Corporation ("Safron Capital") (Dkt. No. 27).[2]

## I.    PRELIMINARY STATEMENT

The Related Actions are putative class action securities fraud lawsuits on behalf of investors in DouYu securities.  As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Yunyan, having suffered nearly *$1.02 million* in losses in connection with her purchases of DouYu securities as a result of the Company's alleged malfeasance.  The foregoing table compares Yunyan's losses to those of Safron, the only other movant before the Court:

| Movant | Loss |
|---|---|
| Li Yunyan | $1,015,669 |
| Safron Capital Corporation | $2,405 |

---

[1] All capitalized terms herein are defined in Yunyan's moving brief, unless otherwise indicated. *See* Dkt. No. 32.

[2] One other movant, Boluka Garment Co. ("Boluka"), initially filed a competing motion seeking appointment as Lead Plaintiff.  Dkt. No. 23.  On June 8, 2020, Boluka filed a notice of non-opposition to Yunyan's motion, stating that Yunyan "appears [to be] the presumptively most adequate Lead Plaintiff with the largest financial interest" in this litigation.  Dkt. No. 34 at 2.

Yunyan's $1.02 million loss is roughly *422* times the magnitude of Safron's $2,405 loss.  As such, Yunyan clearly has the greatest financial interest within the meaning of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff.  *See*, *e.g.*, *Knox v. Yingli Green Energy Holding Co. Ltd.,* 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (equating financial interest with monetary loss); *Richardson v. TVIA, Inc.*, C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (same).

Yunyan also satisfies the typicality and adequacy requirements of Rule 23.  Yunyan, like all members of the Class, purchased DouYu securities at prices artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions.  These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23.  *Vataj v. Johnson*, 19-CV-06996-HSG, 2020 WL 532981, at *3 (N.D. Cal. Feb. 3, 2020).  Yunyan's significant losses give her a sufficient stake in this litigation's outcome to ensure vigorous prosecution; Yunyan is aware of no conflict between her interests and those of the putative Class; and in Pomerantz, Yunyan has retained qualified and experienced class counsel.  *Karinski v. Stamps.com, Inc.*, CV 19-1828-R, 2019 WL 8013753, at *1 (C.D. Cal. June 5, 2019); *Harari v. PriceSmart, Inc.*, 19-CV-958 JLS (LL), 2019 WL 4934277, at *3 (S.D. Cal. Oct. 7, 2019).

For the reasons set forth herein, Yunyan respectfully submits that her motion should be granted in its entirety, and that the competing motions should be denied.

## II.    ARGUMENT

### A.    Yunyan Should Be Appointed Lead Plaintiff

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a *prima facie* showing at this stage that he or she satisfies the adequacy and typicality requirements of Rule 23. *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Once this presumption is triggered, it may be rebutted upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Here, the most adequate class representative is Yunyan.

#### 1.    Yunyan Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts recognize that the amount of financial

loss is the most significant factor to be considered.  *See*, *e.g.*, *Knox*, 136 F. Supp. 3d at 1163; *Richardson*, 2007 WL 1129344, at *4.

Under the foregoing analysis, no movant seeking appointment as lead plaintiff in the Related Actions has alleged a larger financial interest in the litigation than Yunyan. The following chart summarizes Yunyan's substantial financial interest compared to that of the only competing movant:

| Movant | Loss |
|---|---|
| Li Yunyan | $1,015,669 |
| Safron Capital Corporation | $2,405 |

As shown above, Yunyan suffered a loss of roughly $1.02 million in connection with the Defendants' alleged malfeasance.  Safron, the only other movant, incurred a loss of only $2,405—a mere fraction of Yunyan's loss.  As such, Yunyan clearly has the greatest financial interest in this litigation within the meaning of the PSLRA.

### 2.  Yunyan Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Yunyan has also made the requisite *prima facie* showing that she satisfies the typicality and adequacy requirements of Rule 23.  *See Cavanaugh*, 306 F.3d at 730-31. First, Yunyan's claims satisfy the typicality requirement of Rule 23(a)(3) because her claims in the Related Actions are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *See*, *e.g.*, *Vataj*, 2020 WL 532981, at *3.  Second, Yunyan satisfies the adequacy requirement of Rule 23(a)(4) because she has

a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the class. *See*, *e.g.*, *Karinski*, 2019 WL 8013753, at \*1; *Harari*, 2019 WL 4934277, at \*3.

To overcome the strong presumption entitling Yunyan to appointment as Lead Plaintiff, the PSLRA requires **"*proof*"** that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected.

Finally, as discussed in greater detail below, Yunyan has further demonstrated her adequacy by selecting Pomerantz—counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead Counsel for the Class.

\* \* \* \*

Because Yunyan has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, she is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.

### 3.  Yunyan's Selection of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of

the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Osher v. Guess?, Inc.*, CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).

Here, Yunyan has selected Pomerantz as Lead Counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. In 2018 alone, Pomerantz secured a settlement of nearly $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A.–Petrobras—the largest securities class action settlement in a decade—and an $80 million settlement on behalf of Yahoo Inc. investors. *See* Dkt. No. 33-5. Thus, the Court may be assured that by approving Yunyan's selection of counsel, the members of the class will receive the best legal representation available.

## III.    CONCLUSION

For the foregoing reasons and for the reasons set forth in her moving brief (Dkt. No. 32), Yunyan respectfully requests that the Court grant her motion in its entirety and deny the competing motion of Safron.

Dated:  June 8, 2020

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

MEMORANDUM OF POINTS AND AUTHORITIES

6

POMERANTZ LLP
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184
pdahlstrom@pomlaw.com

*Counsel for Li Yunyan and*
*Proposed Lead Counsel for the Class*

CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/    Jennifer Pafiti*
Jennifer Pafiti