**ABRAHAM, FRUCHTER
   & TWERSKY, LLP**
IAN D. BERG (SBN 263586)
IBerg@aftlaw.com
TAKEO A. KELLAR (SBN 234470)
TKellar@aftlaw.com
11622 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 764-2580
Facsimile: (858) 764-2582

*Counsel for Lead Plaintiff Movant*
*Safron Capital Corporation*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUDE LIANG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> DOUYU INTERNATIONAL HOLDINGS LIMITED, SHAOJIE CHEN, WENMING ZHANG, CHAO CHENG, MINGMING SU, HAO CAO, TING YIN, HAIYANG YU, XI CAO, XUEHAI WANG, ZHAOMING CHEN, ZHI YAN, MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., CMB INTERNATIONAL CAPITAL LIMITED, TENCENT HOLDINGS LIMITED, RICHARD ARTHUR, and COGENCY GLOBAL INC., <br><br> Defendants. | Case No. 2:20-cv-02747-SVW-MAA <br><br> <u>CLASS ACTION</u> <br><br> **SAFRON CAPITAL CORPORATION'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** <br><br> Date: June 29, 2020 <br> Time: 1:30 p.m. <br> Judge: Hon. Stephen V. Wilson <br> Courtroom: 10A, 10th Floor |

(captions continue on following page)

HENG HUANG, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

DOUYU INTERNATIONAL HOLDINGS LIMITED, SHAOJIE CHEN, WENMING ZHANG, CHAO CHENG, MINGMING SU, HAO CAO, TING YIN, HAIYANG YU, XI CAO, XUEHAI WANG, ZHAOMING CHEN, ZHI YAN, TENCENT HOLDINGS LIMITED, and COGENCY GLOBAL INC.,

Defendants.

Case No. 2:20-cv-03914-SVW-MAA

REPLY IN FURTHER SUPPORT OF SAFRON CAPITAL CORP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
Case No. 2:20-cv-02747-SVW-MAA

Safron Capital Corporation ("Safron") respectfully submits this Reply in further support of its motion seeking appointment as Lead Plaintiff, and in opposition to the competing motions filed by Li Yunyan ("Li") and Boluka Garment Co., Limited ("Boluka").

## I.    PRELIMINARY STATEMENT

In the previous round of briefing in support of Safron's motion to be appointed Lead Plaintiff and in opposition to the competing motions, Safron raised serious questions about the identity – and thus adequacy – of Li and Boluka to represent putative class of DouYu investors.[1]  To date, neither Li nor Boluka has provided additional information that addresses the serious questions raised, and Boluka has essentially conceded that it is not the most adequate plaintiff to represent the putative class.[2]

As set forth in Safron's Opposition brief (ECF No. 36), Li has failed to provide even basic information about her identity and adequacy to serve as Lead Plaintiff.  Li had an opportunity to cure these deficiencies by providing essential information to the Court in the second round of briefing, but made no such effort.  *See* ECF No. 35.  Instead, it is likely that Li's counsel will wait until this third (and final) round of briefing to provide additional information on behalf of Li – hoping to deny Safron a chance to respond to new information and otherwise escape scrutiny.  Here, the scrutiny is necessary to ensure that any response is being made at the direction of Ms. Li; indeed, her counsel's reference to Ms. Li as "Yunyan" calls that into question.  As would be custom, "Li" is most likely a last name, while "Yunyan" would be a first name – which would likely be

---

[1] Unless otherwise indicated, all capitalized terms herein are defined in Safron's Opposition brief dated June 8, 2020.  *See* ECF No. 36.

[2] On June 8, 2020, Boluka filed a notice of non-opposition to Li's motion.  *See* ECF No. 34.

REPLY IN FURTHER SUPPORT OF SAFRON CAPITAL CORP'S                    -1-
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
Case No. 2:20-cv-02747-SVW-MAA

understood by Li's counsel after an initial conversation between counsel and client.

Li's failure to provide basic information that is fundamental to the Lead Plaintiff appointment process sharply undermines her adequacy to serve as Lead Plaintiff. *See In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at *7 n.10 (N.D. Ill. Nov. 15, 2019) (holding that a "a viable candidate for Lead Plaintiff would understand the need to make a more fulsome preliminary showing of adequacy from the outset of the lead plaintiff process"). This is "particularly true where, as here, the lead plaintiff applicant is an individual rather than an institutional investor." *Perez v. HEXO Corp.,* 2020 WL 905753, at *2 (S.D.N.Y. Feb. 25, 2020). Thus, Li's failure to provide the Court and other movants with fundamental information to determine renders Li inadequate to serve as Lead Plaintiff. *See Camp v. Qualcomm*, No. 18-cv-1208-AJB-BLM, 2019 WL 277360, at *3-4 (S.D. Cal. Jan. 22, 2019) (rejecting individual movant who "failed to include any basic details about himself"); *see also Cohen v. Luckin Coffee Inc.*, 2020 WL 3127808, at *4 (S.D.N.Y. June 12, 2020) (denying the application of a group whose members included "a Chinese national about whom no further information is given other than that he is 37 years old, has invested in the securities markets for approximately five years, and lives in Guangzhou, China" because, among other things, "[n]o further information is given about the sophistication of these investors.").

Boluka has also failed to address the issues raised by Safron, including an explanation why Boluka's sworn certification is purportedly signed by a *former* director, Yue Zhou, who is not authorized to execute a certification on behalf of Boluka. *See* ECF No. 25-2, 37-3, 37-4. In addition, Boluka's initial motion lacks basic information – and redacts other information – about its background and qualifications to be Lead Plaintiff.

Because Li and Boluka have not established that they are capable of satisfying the requirements of Rule 23, Safron – a Delaware Corporation formed for the purpose of investing in securities – should be appointed as Lead Plaintiff under the Private Securities Litigation Reform Act ("PSLRA") because it is the only investor that satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 77z-1(a)(3)(B)(i); *see also In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Safron also has experience serving as a lead plaintiff in complex securities class actions, and Safron possesses a certifiable interest in the relief sought by the Class.

## II.   ARGUMENT

The PSLRA creates a presumption that the Lead Plaintiff is the movant that has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). But financial interest alone is not enough: a movant must also make a "preliminary showing" that it satisfies Rule 23's typicality and adequacy requirements. In this regard, courts have "wide latitude" under the PSLRA to consider facts concerning a movant's typicality and adequacy under Rule 23 when assessing a challenge that a Lead Plaintiff movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Cavanaugh*, 306 F. 3d at 741.

### A.   Li's Inadequacy Is Demonstrated By Her Failure To Provide Basic Information

Rather than address the numerous deficiencies in her initial filing with the Court, Li's failure to provide basic information regarding her background and qualifications in in her first **two** filings with this Court militates against her adequacy to represent the Class as Lead Plaintiff. *See Boeing*, 2019 WL 6052399, at *7 n.10 (holding that a "a viable candidate for Lead Plaintiff would understand

the need to make a more fulsome preliminary showing of adequacy from the outset of the lead plaintiff process.").  Indeed, it is "incumbent on [movants] to make a preliminary showing of their adequacy" and an individual "movant must supply some information about its ability to perform the role of lead plaintiff diligently and effectively."  *Id.* at *5-7.  While Li bares the responsibility of demonstrating her qualifications to be Lead Plaintiff, Li has neglected to substantiate her "bare assertion" to have suffered investment losses of over $1 million. *Id.* at *7.

Li's papers provide only the most cursory information, and Li does not include information supporting her investment losses, sophistication as an investor, educational background, or familiarity with the kind of litigation that she seeks to lead—concerning omissions that directly undermine her ability to fulfill the duties and obligations of a Lead Plaintiff.  For instance, Li purports (i) to reside in New Zealand but is silent about whether she is also a citizen of that country; (ii) that her former occupation was a "professional manager" but does not elaborate on what the duties and responsibilities of that job entailed; and (iii) to have five years of investment experience, but does not say if she made those investments on behalf of herself or on behalf of third parties – thus calling into question whether Ms. Li is claiming losses on her own assets in her application for appointment as Lead Plaintiff.  *See* ECF No. 33-3.  Absent such information, there is "virtually no basis" to make the necessary adequacy determination. *Boeing,* 2019 WL 6052399, at *5; *see also Luckin*, 2020 WL 3127808, at *4 (denying the application of a group of individuals because, among other things, "[n]o further information is given about the sophistication of these investors.").

The inclusion of such information is also necessary for determining whether Li suffers from potentially disqualifying conflicts of interest.  *See Qualcomm*, 2019 WL 277360, at *3 (finding that an individual movant's failure

to include any basic information makes "it difficult to determine whether [the individual movant] would indeed be a typical plaintiff for the class."). As raised in Safron's Opposition brief, if these questions are not resolved now, the issues will likely linger until they are addressed in discovery, threatening to derail the litigation later and expose the Class to substantial risk at a later stage of the case. *See, e.g., In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 138 (S.D.N.Y. 2007) (decertifying lead plaintiff four years after appointment upon finding that it was not the "real party in interest" for many of the transactions listed in its certification and that its original appointment was made "in error"); *In re Sonus Networks, Inc. Sec. Litig.*, 229 F.R.D. 339, 342-44 (D. Mass. 2005) (decertifying class and denying intervention after representatives found inadequate, including for submitting inaccurate PSLRA certifications).

In addition, to the extent that "Li" is in fact Li's surname, her counsel's choice to refer to her by her likely first name, Yunyan, suggests the absence of any conversation or direction, and that Li's relationship with her counsel may be little more than a symbolic one. This is particularly important given the questions about Li's ability to oversee and direct counsel from New Zealand.

Any belated attempts by Li to cure these deficiencies in this final stage of briefing should be rejected, or at least subject to scrutiny (and potentially discovery). *See HEXO Corp.*, 2020 WL 905753, at *3 (holding that, given the movant's "failure to provide any information regarding his experience in his preliminary motion, the Court questions whether [he] will meaningfully oversee and control the prosecution of this consolidated class action.").

## B.   Boluka Is Not An Adequate Lead Plaintiff

As set forth in Safron's Opposition brief, Boluka is also unable to satisfy the requirements of Rule 23. Among other things, Boluka's sworn certification is purportedly signed by its director, Yue Zhou, who represents that he is authorized

to sign the certification on Boluka's behalf.  Yet, publicly available information indicates that Yue Zhou resigned from the role of Boluka's director in 2015, which raises serious questions as to Yue Zhou's authority to execute the certification on Boluka's behalf.

These inconsistencies in Boluka's initial filing elicit concerns about Boluka's intentions to lead this putative class action as a representative plaintiff. This is particularly true given that Boluka's counsel maintains a website that encourages investors to complete a form that is nearly identical to the certification that Boluka has filed in this action.  As such, and notwithstanding Yue Zhou's apparent lack of authority to act on behalf of Boluka, it is unclear whether Yue Zhou understood what he was agreeing to on Boluka's behalf at the time that he submitted this form.

Even assuming the validity of Boluka's application, Boluka did not provide meaningful details in its initial filing to demonstrate its adequacy, including, but not limited to, its domicile and business operations.  Furthermore, there are potential issues associated with Boluka's location and the fact that there are currently international travel restrictions which could limit Boluka's involvement in this litigation to such an extent that it will be unable to fulfill the duties and obligations required of a Lead Plaintiff.

### C.      Safron Is The Only Movant That Is Able To Satisfy The Requirements of Rule 23

As set forth in its opening motion and Opposition brief, Safron has a real financial interest in the claims asserted in this action by virtue of its investment in 500 DouYu American Depositary Shares in connection with the Company's initial public offering.  Safron, an institutional investor with experience serving as a lead Plaintiff and class representative under the PSLRA, is paradigmatic of the sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA.

Safron is also strongly incentivized to prosecute all of investors' claims against all potential defendants; and – unlike Li and Boluka – is not beset by deficiencies that call into question its qualifications to serve as Lead Plaintiff. Safron's interests are closely aligned with those of the Class, and Safron is committed to achieving the maximum possible recovery of investors' claims in this case. Further, as set forth in its opening papers, Safron's chosen counsel, Abraham, Fruchter & Twersky, LLP, is highly qualified and experienced and has successfully prosecuted numerous securities fraud class actions, including cases against Chinese companies. *See* ECF Nos. 28, 29-4.

## III.   CONCLUSION

For the foregoing reasons, as well as the reasons set forth in Safron's opening motion and its Opposition to the competing movants, Safron respectfully requests that the Court issue an Order: (i) consolidating the above-captioned actions; (ii) appointing Safron as Lead Plaintiff for the Class; (iii) approving Safron's selection of Abraham, Fruchter & Twersky, LLP as Lead Counsel; and (iv) granting such other relief as the Court may deem to be just and proper.

Dated: June 15, 2020                    Respectfully submitted,

**ABRAHAM, FRUCHTER**
**& TWERSKY, LLP**

_____/s/ *Ian D. Berg*_____
IAN D. BERG (SBN 263586)
TAKEO A. KELLAR (SBN 234470)
11622 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 764-2580
Facsimile: (858) 764-2582

*Counsel for Lead Plaintiff Movant*
*Safron Capital Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on June 15, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

<u>        /s/ *Ian D. Berg*        </u>
IAN D. BERG (SBN 263586)
11622 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 764-2580
Facsimile: (858) 764-2582
IBerg@aftlaw.com