UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-02747-SVW-MAA | Date | 8/18/2020 |
|---|---|---|---|
| Title | *Lude Liang v. Douyu International Holdings Limited, et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING MOTION FOR APPOINTMENT OF LI YUNYAN AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL, AND DENYING COMPETING MOTIONS [31] [27] [23]

## I.      Introduction

Li Yunyan ("Li"), Safron Capital Corporation ("Safron Capital"), and Boluka Garment Co. ("Boluka Garment") have each filed motions seeking to consolidate related cases, be appointed lead counsel, and have their choice of lead counsel approved in this securities litigation class action against Douyu International Holdings Limited et al ("Douyu"). For the reasons articulated below, the Court GRANTS Li's motion.

## II.     Factual and Procedural Background

This lawsuit was initially filed by Lude Liang ("Plaintiff Liang") on March 24, 2020. Dkt. 1. Plaintiff Liang brought a securities class action lawsuit on behalf of all individuals who purchases American depositary shares ("ADS") issued in connection with Douyu's July 16, 2019 initial public offering ("IPO"). *Id.* at 2. The gravamen of Plaintiff Liang's Complaint is that Douyu violated Section 11 of the Securities Act by making inaccurate and misleading statements of material fact in its Registration Statement filed in connection with the IPO, that it violated Section 12(a)(2) of the Securities Act through prospectuses and oral statements that contained inaccurate and misleading statements of material fact provided in connection with the IPO, and that individual defendants

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-02747-SVW-MAA | Date | 8/18/2020 |
| Title | *Lude Liang v. Douyu International Holdings Limited, et al* | | |

employed by Douyu are individually liable as "control persons" under Section 15 of the Securities Act for Douyu's underlying securities violations. *Id.* at 26-29.

On the same day that Plaintiff Liang's Complaint was filed, the Rosen Law Firm issued a notice via Business Wire. *See* Dkt. 33, Ex. B; Dkt. 29 Ex. 1. The notice announced the filing of this class action, described the asserted claims, specified the putative class period, and explained that any motion to be appointed lead plaintiff had to be filed by May 26, 2020. *Id.* The Court finds that this notice complies with the PSLRA's early notice requirements articulated in 15 U.S.C. § 78u-4(a)(3(A)(i), and will not address that procedural requirement further in this motion.

Three separate parties then filed motions seeking appointment as Lead Plaintiff, each seeking approval of their choice of Lead Counsel, and consolidation of all pending securities class actions before this Court. Boluka Garment, Safron Capital, and Li each filed their motions on May 26, 2020, the final deadline set forth in the early notice. Dkt. 23; Dkt. 27; Dkt. 31. Boluka Garment has filed a non-opposition to Li's motion, Dkt. 34, while Safron Capital opposes Li's motion. Dkt. 36.

### III. Legal Standard

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is required to appoint as lead plaintiff the putative class member-movant that the Court determines to be "most capable of adequately representing the interests of class members." A rebuttable presumption is established that the "most adequate plaintiff" is the person who: (1) has filed the complaint or made a timely motion for lead plaintiff; (2) possesses the largest financial interest in the litigation; and (3) satisfies the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (describing the PSLRA's competitive process for determining the "most adequate plaintiff").

Once the court determines who among the movants is the presumptive lead plaintiff, the presumption can be rebutted upon "proof" by a putative class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); see also *Cavanaugh*, 306 F.3d at 730; *Schriver*, 2006 U.S. Dist. LEXIS 40607, at *8. The PSLRA's "sequential" selection process mandates that "[i]f the plaintiff with the greatest financial

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02747-SVW-MAA | Date | 8/18/2020 |
|---|---|---|---|
| Title | *Lude Liang v. Douyu International Holdings Limited, et al* | | |

stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *See Cavanaugh*, 306 F.3d at 730-32; *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001) ("If (for any reason) the court determines that the movant with the largest losses cannot make a threshold showing of typicality or adequacy, then the court should . . . disqualify that movant from serving as lead plaintiff."). The PSLRA "does not permit courts simply to 'presume' that the movant with 'the largest financial interest in the relief sought by the class' satisfies the typicality and adequacy requirements." *Cendant*, 264 F.3d at 264.

### IV.    Analysis

Li has submitted documentation and a declaration establishing a claimed loss of approximately $1 million during the relevant period based on her Douyu ADS purchases. *See* Dkt. 33, Ex. A (Li's loss chart); Dkt. 33, Ex. C (Li's PSLRA certification with transactions in Douyu's ADS). Each of Li's shares were purchased on July 17, 2019, the day after Douyu's IPO. Dkt. 33, Ex. C. This is a substantially larger loss than the $2,405 loss alleged by Safron Capital, and the $36,700 loss alleged by Boluka Garment. *See* Dkt. 29, Ex. 3 (Safron Capital); Dkt. 25, Ex. 2 (Boluka Garment). Accordingly, Li is the presumptive Lead Plaintiff for purposes of the PSLRA given the size of her financial interest in this litigation.

Li's declaration submitted in support of her motion states that she resides in Auckland, New Zealand, and is retired and previously worked as a professional manager. Dkt. 33, Ex. D at 1. She states that she has been investing in the securities markets for approximately five years, and that she incurred substantial losses as a result of the securities law violations alleged in the underlying lawsuit, and understands the requirements and duties imposed by the PSLRA. *Id.* She also states that she understands that her role as Lead Plaintiff would require evaluating the strengths and weaknesses of the case and prospects for resolution, that she must direct counsel after receiving their advice on the litigation, and that she has discussed these issues with her attorneys, Pomerantz LLP ("Pomerantz") via telephone in advance of her filing. She states that she seeks the approval of Pomerantz as Lead Counsel for the class, and that she selected Pomeranz on the basis of their experience in achieving substantial recoveries in securities class action litigation. *Id.* at 2.

:

Initials of Preparer

PMC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02747-SVW-MAA | Date | 8/18/2020 |
|---|---|---|---|
| Title | *Lude Liang v. Douyu International Holdings Limited, et al* | | |

### a. *Li has submitted sufficient information to satisfy PSLRA's requirements and Safron's speculation does not constitute "proof."*

The Court finds that Li's declaration and accompanying documentation regarding her losses is sufficient to satisfy her burden under the PSLRA of establishing that she satisfies Rule 23's typicality and adequacy retirement. Her claims are typical of the class because she purchased Douyu ADS' in the IPO and relies on the same legal theory asserted by class members regarding the alleged violations of the Securities Act contained in Douyu's Registration Statement, prospectus, and oral statements. *See Vataj v. Johnson*, 2020 WL 532981, at *3 (N.D. Cal. Feb. 3, 2020). The size of her loss is more than sufficient to ensure that she will vigorously advocate for the class (as she expressly stated she intends to do), and her selection of a highly experienced securities litigation law firm to pursue this litigation also supports a finding that she will make an adequate Lead Plaintiff for the class. *See Harari v. PriceSmart, Inc.*, 2019 WL 4934277, at *3 (S.D. Cal. Oct. 7, 2019).

The arguments raised by Safron Capital in its Opposition brief are speculative, and do not constitute "proof" sufficient to rebut the presumption of suitability under the PSLRA. *See* Dkt. 36 at 4-9 The Court does not find the declaration provided by Li to be deficient or vague as Safron Capital argues. Li has stated and documented the amount of her loss, her previous profession, her prior experience with investing, and her understanding of the responsibilities entailed in acting as Lead Plaintiff in this litigation. The Court finds this unrebutted evidence to be sufficient to satisfy the adequacy and typicality requirements of Rule 23, absent any evidence provided by Safron Capital that would rebut this presumption. The Court also notes that the declaration Safron Capital provides in support of its own motion for appointment as Lead Counsel contains substantially less information regarding Safron Capital's location, operations, and general suitability to serve as Lead Plaintiff than the information offered by Li in support of her motion. *See* Dkt. 29, Ex. 2 (declaration by Safron Capital). Finally, the Court does not find the fact that Li resides in Auckland, New Zealand to present an insuperable logistical challenge in this litigation in light of the potential for remote depositions, in the unlikely event that transcontinental travel remains substantially limited during the course of this litigation.

The Court finds Li to be the most adequate proposed Lead Plaintiff given the PSLRA's requirements and GRANTS her motion to be appointed Lead Plaintiff.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02747-SVW-MAA | Date | 8/18/2020 |
|---|---|---|---|
| Title | *Lude Liang v. Douyu International Holdings Limited, et al* | | |

     **b.** ***The Court approves Li's choice of counsel.***

     The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 (noting that "the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff"); *see also In re Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").

     The Court finds that Li's choice of counsel, Pomerantz, is wholly qualified to prosecute this action. The Court is familiar with Pomerantz' reputation and experience in securities litigation, and finds that Li's selection both reinforces the Court's prior assessment of her suitability as Lead Plaintiff, and is appropriate given the expected course of the litigation. *See generally* Dkt. 33, Ex. E (Pomerantz firm resume). The Court appoints Pomerantz as Lead Counsel for this consolidated securities class action.

     **V.**    **Conclusion**

     The Court GRANTS Li's motion for appointment as Lead Plaintiff and approves her choice of Pomerantz as Lead Counsel. Additional procedural instructions will be contained in an accompanying Order issued by the Court

                                                                                                                                                                                   :

Initials of Preparer    PMC