UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE DOUYU INTERNATIONAL HOLDINGS LIMITED SECURITIES LITIGATION<br><br>THIS IS APPLICABLE TO ALL ACTIONS | Case No.: 1:20-CV-7234 (ALC)<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED<br><br>So ordered.<br>Date: March 14, 2022<br><br>_____<br>DENISE COTE<br>United States District Judge |

**STIPULATION OF VOLUNTARY DISMISSAL**

WHEREAS, this is a putative class action brought under the federal securities law (the "Federal Action");

WHEREAS, by order dated August 18, 2020, Plaintiff Li Yunyan ("Li" or "Lead Plaintiff") was appointed to serve as lead plaintiff in the Federal Action, and her undersigned counsel ("Pomerantz LLP") as lead counsel in the Federal Action;

WHEREAS, a related putative class action, captioned *In re DouYu Int'l Holdings Ltd. Sec. Litig.*, No. 651703/2020 (Sup. Ct. N.Y. Cty.) (the "State Action"), asserts substantially similar claims under the Securities Act as are asserted in the Federal Action;

WHEREAS, the claims brought in the State Action are brought on behalf of the same putative investor class as is alleged in the Federal Action, and the putative class in the Federal Action is coterminous with the putative class in the State Action;

WHEREAS, during 2021, Lead Plaintiff and the various plaintiffs in the State Action jointly participated in mediation efforts to reach a global settlement that would resolve all claims asserted in both the Federal Action and the State Action, which efforts were conducted under the auspices of Robert A. Meyer of JAMS (the "Mediator"), a highly experienced, independent mediator;

1

WHEREAS, following an extended period of arms-length negotiations, Lead Plaintiff and the plaintiffs in the State Action (on behalf of themselves and the common class that they all seek to represent) agreed to accept a "mediator's proposal" by the Mediator to settle both the Federal Action and the State Action on a class-wide basis (the "Settlement");

WHEREAS, pursuant to a binding Memorandum of Understanding dated March 10, 2022, the plaintiffs in both the Federal and State Action, the DouYu Defendants, the Underwriter Defendants and the Cogency Defendants[1] have agreed in the interests of administrative efficiency to seek judicial approval of the proposed class-wide Settlement in the State Court, under the procedures for obtaining such approvals provided for under the New York Civil Practice Law and Rules;

WHEREAS, as part of the proposed Settlement, the Lead Plaintiff shall cause the Federal Action to be voluntary dismissed, with prejudice, conditional upon (a) the State Court's entry of an Order and Judgment approving the proposed Settlement; (b) that Order and Judgment becoming final and non-appealable; and (c) the occurrence of the "Effective Date" (as will be defined in the stipulation of settlement);

WHEREAS, Fed. R. Civ. P. 41(a)(1)(A)(ii) provides that "the plaintiff may dismiss an action without a court order by filing … (ii) a stipulation of dismissal signed by all parties who have appeared;" and

---

[1] The "DouYu Defendants" are Defendants DouYu International Holdings Limited ("DouYu"), and Shaojie Chen, Wenming Zhang, Chao Cheng, Mingming Su, Hao Cao, Ting Yin, Haiyang Yu, Xi Cao, Xuehai Wang, Zhaoming Chen and Zhi Yan (collectively, "Director Defendants"). The "Underwriter Defendants" are Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, BofA Securities, Inc., and CMB International Capital Limited. The "Cogency Defendants" are Cogency Global Inc. and Richard Arthur.

2

WHEREAS, no class has been certified in this Federal Action, or is proposed to be certified in the Federal Action as part of the proposed Settlement, and accordingly Fed. R. Civ. P. 23(e) does not impact Lead Plaintiff's (or any of the other additional named Federal Plaintiffs') ability to file this stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii);

IT IS THEREFORE STIPULATED AND AGREED, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), by and on behalf of all of the parties to this Federal Action who have appeared, by their undersigned counsel, that this Federal Action is voluntarily dismissed subject to the following conditions:

1. This dismissal shall be without prejudice, and without costs;

2. Upon the Effective Date (as will be defined in the stipulation of settlement) of the Settlement, this dismissal shall automatically be converted to a dismissal "with prejudice," and operate as an adjudication on the merits;

3. In the event that the Effective Date does not occur, Defendants consent to entry of an order, upon motion by Lead Plaintiff (including pursuant to Fed. R. Civ. P. 60(b)(6)), to reinstate this Federal Action, with all parties returning to their respective litigation positions in this Federal Action as of the date of the MOU;

4. By entering into this stipulation of voluntary dismissal, Defendant Tencent Holdings Limited does not waive, and instead expressly reserves, all rights, claims, and defenses, including without limitation lack of personal jurisdiction, and does not through this stipulation consent to the jurisdiction or venue of this Court.

Dated: March 11, 2022

| POMERANTZ LLP | DAVIS POLK & WARDWELL LLP |
|---|---|
| By: _____ | By: _____ |
| Jeremy A. Lieberman | Lawrence Portnoy |

3

WHEREAS, no class has been certified in this Federal Action, or is proposed to be certified in the Federal Action as part of the proposed Settlement, and accordingly Fed. R. Civ. P. 23(e) does not impact Lead Plaintiff's (or any of the other additional named Federal Plaintiffs') ability to file this stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii);

IT IS THEREFORE STIPULATED AND AGREED, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), by and on behalf of all of the parties to this Federal Action who have appeared, by their undersigned counsel, that this Federal Action is voluntarily dismissed subject to the following conditions:

1. This dismissal shall be without prejudice, and without costs;

2. Upon the Effective Date (as will be defined in the stipulation of settlement) of the Settlement, this dismissal shall automatically be converted to a dismissal "with prejudice," and operate as an adjudication on the merits;

3. In the event that the Effective Date does not occur, Defendants consent to entry of an order, upon motion by Lead Plaintiff (including pursuant to Fed. R. Civ. P. 60(b)(6)), to reinstate this Federal Action, with all parties returning to their respective litigation positions in this Federal Action as of the date of the MOU;

4. By entering into this stipulation of voluntary dismissal, Defendant Tencent Holdings Limited does not waive, and instead expressly reserves, all rights, claims, and defenses, including without limitation lack of personal jurisdiction, and does not through this stipulation consent to the jurisdiction or venue of this Court.

Dated: _____, 2022

**POMERANTZ LLP**

By: _____
Jeremy A. Lieberman

**DAVIS POLK & WARDWELL LLP**

By: _____
Lawrence Portnoy

3

Brian Calandra
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
E-mail: jalieberman@pomlaw.com
E-mail: bcalandra@pomlaw.com

*Counsel for Lead Plaintiff Li Yunyan and Plaintiff Heng Huang*

Daniel S. Magy
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: lawrence.portnoy@davispolk.com
daniel.magy@davispolk.com

Neal A. Potischman
1600 El Camino Real
Menlo Park, California 94025 Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com

Jonathan K. Chang
18/F, The Hong Kong Club Building
3A Chater Road
Hong Kong, SAR
Telephone: +852 2533 3300
Facsimile: +852 2533 3388
Email: jonathan.chang@davispolk.com

*Attorneys for Defendant DouYu International Holdings Limited*

K&L GATES LLP

By: _____
Joanna A. Diakos, Esq.

K&L Gates LLP
599 Lexington Avenue
New York, New York 10022
Tel.: (212) 536-3900
Fax: (212) 536-3901
Email: joanna.diakos@klgates.com

*Attorneys for Defendants Cogency Global Inc. and Richard Arthur*

**O'MELVENY & MYERS LLP**

By: _____
Jonathan Rosenberg
Allen W. Burton

4

| | |
|---|---|
| Brian Calandra<br>600 Third Avenue, 20th Floor<br>New York, New York 10016<br>Telephone: (212) 661-1100<br>Facsimile: (212) 661-8665<br>E-mail: jalieberman@pomlaw.com<br>E-mail: bcalandra@pomlaw.com<br><br>*Counsel for Lead Plaintiff Li Yunyan and Plaintiff Heng Huang* | Daniel S. Magy<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000<br>Facsimile: (212) 701-5800<br>Email: lawrence.portnoy@davispolk.com<br>daniel.magy@davispolk.com<br><br>Neal A. Potischman<br>1600 El Camino Real<br>Menlo Park, California 94025 Telephone: (650) 752-2000<br>Facsimile: (650) 752-2111<br>Email: neal.potischman@davispolk.com<br><br>Jonathan K. Chang<br>18/F, The Hong Kong Club Building<br>3A Chater Road<br>Hong Kong, SAR<br>Telephone: +852 2533 3300<br>Facsimile: +852 2533 3388<br>Email: jonathan.chang@davispolk.com<br><br>*Attorneys for Defendant DouYu International Holdings Limited*<br><br>**K&L GATES LLP**<br><br>By: _____<br>Joanna A. Diakos, Esq.<br><br>K&L Gates LLP<br>599 Lexington Avenue<br>New York, New York 10022<br>Tel.: (212) 536-3900<br>Fax: (212) 536-3901<br>Email: joanna.diakos@klgates.com<br><br>*Attorneys for Defendants Cogency Global Inc. and Richard Arthur*<br><br>**O'MELVENY & MYERS LLP**<br><br>By: /s/ Jonathan Rosenberg<br>Jonathan Rosenberg<br>Allen W. Burton |

4

Moshe Mandel
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036-6537
Ph: +1 212 326 2000
Fx: +1 212 326 2061

*Attorneys for Defendants Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, BofA Securities, Inc., and CMB International Capital Limited*

**LATHAM & WATKINS LLP**

By: _____
Eric F. Leon
Jooyoung Yeu
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200
eric.leon@lw.com
jooyoung.yeu@lw.com

*Attorneys for Defendant Tencent Holdings Limited*

5